**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| BUSINESS LEADERS IN CHRIST,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF IOWA, *et al.*,<br><br>*Defendants*. | Civil Action No. 17-cv-00080-SMR-SBJ<br><br>**PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 65, LR 7, and LR 65, Plaintiff Business Leaders in Christ (BLinC) moves for a renewed preliminary injunction requiring Defendants to maintain BLinC's registered group status. In support of this motion, and as further explained in the attached memorandum in support, BLinC states the following:

1. Since Spring 2014, BLinC has been a registered student group at the University of Iowa.

2. BLinC is a religious group established for a religious purpose and led by students who share its faith.

3. For as long as it has been registered at the University, BLinC has welcomed anyone to join as a member, and has required its leaders to share its Christian faith.

4. The Defendants deregistered BLinC on November 16, 2017.

5. The basis for the derecognition was Defendant's disagreement with BLinC's religious expression and beliefs, and the selection of its religious leaders.

6. BLinC filed its lawsuit on December 11, 2017. Dkt. 1. BLinC also filed a Motion for a Preliminary Injunction. Dkt. 7-1.

2

7. This Court held a hearing regarding the Motion for Preliminary Injunction on January 18, 2018. Dkt. 34.

8. On January 23, 2018, the Court granted BLinC's Motion for Preliminary Injunction, ruling that BLinC had established a fair likelihood of success that the University's selective enforcement of its Human Rights Policy violated BLinC's free speech rights. Dkt. 36 at 28. The Court granted an injunction for a period of ninety days. *Id.* at 31.

9. On their own initiative, and with Court approval, the parties agreed to extend the ninety-day injunction to June 30, 2018. Dkt. 46.

10. On May 30, at the scheduling hearing before Magistrate Judge Jackson, the University announced for the first time that it would not agree to extend BLinC's protection. Dkt. 50..

11. As further highlighted in BLinC's supporting memorandum, the passage of time and the evidence produced in still-ongoing discovery or otherwise available to BLinC only further confirms that the University has selectively enforced its policies and has gone out of its way to target BLinC.

12. The University punishes BLinC for its leadership policies even while allowing fraternities and sororities, sports clubs, and dozens of student groups to select both members and leaders on grounds that are incompatible with the Human Rights Policy.

13. The University's actions violate BLinC's clearly established First Amendment rights to freedom of speech, the free exercise of religion, and the freedom to select its religious leaders without government interference.

14. In the enclosed supporting memorandum, BLinC has shown that continues to have a likelihood of success on the merits of these claims.

15. Absent injunctive relief, BLinC will once again face derecognition and suffer irreparable harm through the suppression of its constitutional freedoms and the denial of its ability to participate equally with other student groups at the University.

16. The harms to BLinC's First Amendment rights outweigh any harms to the Defendants' interests. Nor do the Defendants have a legitimate governmental interest in regulating the speech, religious beliefs, or internal religious leadership selection of a private religious student group.

17. Protecting BLinC's First Amendment rights is in the public interest.

18. BLinC requests the Court to enjoin the Defendants from interfering with BLinC's status as a registered student organization for the pendency of this litigation.

WHEREFORE, BLinC requests that this Court enter the following ORDER:

The Court orders Defendants to maintain BLinC's registered student organization status during the pendency of this litigation. This injunction shall take immediate effect. The Court waives the security requirement in Federal Rule of Civil Procedure 65(c).

Respectfully submitted,

/s/ *Eric S. Baxter*
Eric S. Baxter (*pro hac vice*)
   *Lead Counsel*
Daniel H. Blomberg (*pro hac vice*)
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*
Matt M. Dummermuth
Hagenow Gustoff & Dummermuth LLP
600 Oakland Rd. NE
Cedar Rapids, IA 52402
(319) 849-8390 phone
(888) 689-1995 fax
mdummermuth@whgllp.com

*Counsel for Plaintiff*