IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BUSINESS LEADERS IN CHRIST, ) <br> an unincorporated association, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNIVERSITY OF IOWA; LYN ) <br> REDINGTON, in her official capacity as Dean ) <br> of Students and in her individual capacity; ) <br> THOMAS BAKER, in his official capacity as ) <br> Assistant Dean of Students and in his individual ) <br> capacity; and WILLIAM NELSON, in his ) <br> official capacity as Executive Director, Iowa ) <br> Memorial Union, and in his individual capacity, ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-00080-SMR-SBJ <br><br><br><br><br><br><br> ORDER ON PLAINTIFF'S RENEWED <br> MOTION FOR PRELIMINARY <br> INJUNCTION |

Plaintiff Business Leaders in Christ ("BLinC") seeks an Order granting its Renewed Motion for Preliminary Injunction. [ECF No. 51-1]. On January 23, 2018, the Court granted BlinC a ninety-day preliminary injunction ordering Defendants University of Iowa, Lyn Redington, Thomas Baker, and William Nelson to restore BLinC to registered student organization status. [ECF No. 36 at 31]. The parties jointly agreed to extend the injunction through June 30, 2018. [ECF No. 46]. In anticipation of its expiration, BLinC asks the Court to renew the preliminary injunction, thereby enjoining Defendants from interfering with BLinC's registered student organization status during the pendency of this litigation. The Court held a hearing on BlinC's original request for a preliminary injunction on January 18, 2018. BLinC requested oral argument on its renewed motion; however, the Court finds that in light of the previous hearing and the filings of the parties, the motion can be decided appropriately without it.

The Court reiterates that "[f]acts and conclusions determined by a court in granting or denying a preliminary injunction are provisional and nonbinding." [ECF No. 36 at 1–2] (citing *Henderson v. Bodine Aluminum, Inc.*, 70 F.3d 958, 962 (8th Cir. 1995) (per curiam); *Sak v. City of Aurelia, Iowa*, 832 F. Supp. 2d 1026, 1031 (N.D. Iowa 2011)).

After careful consideration of its prior Order, the parties' submissions on this motion, and relevant caselaw, the Court finds that the preliminary injunction should remain in place. In its previous decision, the Court noted that the record contained evidence that another registered student organization had been allowed to operate on campus with membership requirements violative of the University's Human Rights Policy. *Id.* at 28. Without more information, the Court had to conclude that it was possible that the differing views of the student organizations could account for the differential treatment. The University has now provided data from its ongoing efforts to review its administration of its Human Rights Policy. It appears a large number of student organizations were operating in violation of the University's stated policies at the time the University revoked BLinC's registered student organization status. [ECF No. 52-1 at 3]. The University does not reconcile that fact with how the proceedings against BLinC were carried out. Presently, too much remains unknown about what role BLinC's viewpoint played, if any, in the decision to deregister the group. The Court determines that the preliminary injunction it previously imposed should remain in force throughout this action for the reasons stated both here and in the Court's Order on Plaintiff's Motion for Preliminary Injunction, [ECF No. 36].

The Court would also like to take this opportunity to remind and direct the parties to follow the Local Rules with respect to all future submissions. BLinC filed its motion after a court-imposed deadline without showing cause. BLinC also failed to deliver a paper copy of its motion and supporting filings—which together totaled more than 700 pages—with the Clerk of Court

despite previously being advised of that requirement for filings totaling more than 100 pages. *See* LR 5A(g)(8). Similarly, the Court declines to address Defendants' motion to strike, which was raised in a footnote of their response. *See* LR 7(e). The parties are advised that future violations of this type may result in their filings being struck.

For the foregoing reasons, Plaintiff BLinC's Renewed Motion for Preliminary Injunction is GRANTED. The Court orders Defendants to maintain BLinC's registered student organization status until the Court renders a judgment in this litigation. The Court waives the security requirement in Federal Rule of Civil Procedure 65(c).

IT IS SO ORDERED.

Dated this 28th day of June, 2018.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT