**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| **BUSINESS LEADERS IN CHRIST, an, unincorporated association,** | **CASE NO. 3:17-CV-00080** |
| **Plaintiff,** | |
| **vs.** | |
| **THE UNIVERSITY OF IOWA; LYN REDINGTON, in her official capacity as Dean of Students and in her individual capacity; THOMAS R. BAKER, in his official capacity as Assistant Dean of Students and in his individual capacity; and WILLIAM R. NELSON, in his official capacity as Executive Director, Iowa Memorial Union, and in his individual capacity,** | **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |
| **Defendants.** | |

**COME NOW** Defendants and submit the following proposed jury instructions provided

any issue is submissible to the jury.

## TABLE OF CONTENTS

1.    Jury Instructions; Equals in Court
2.    Outline of Trial
3.    Statement of Case
4.    Admonition
5.    Evidence
6.    Types of Testimony
7.    Credibility
8.    Burden of Proof
9.    Elements of Claim:  Free Exercise-Redington
10.   Elements of Claim:  Free Exercise-Baker
11.   Elements of Claim:  Free Exercise-Nelson
12.   Definition:  Motivating Factor

13.    Damages: Nominal
14.    Quotient Verdict
15.    Note-Taking and Questions
16.    Definition of Color of State Law
17.    Juror's Impartiality

## JURY INSTRUCTION NO. 1

## JURY INSTRUCTIONS; EQUALS IN COURT

In addition to these Preliminary Instructions, I may give you Instructions during the trial, and I will give you more Instructions at the end of the trial.  All Instructions, whenever given, are equally important and you must follow them all.

Your duty is to decide from the evidence what facts are true.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law, which I give you in my Instructions.  That is how you will reach your verdict.  Only you will decide what the facts are.  However, you must follow my Instructions, whether you agree with them or not.  You have taken an oath to follow the law that I give you.

Do not let sympathy or your own likes or dislikes influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my Instructions, and nothing else.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. An individual, such as Plaintiff, and an institution, such as the University of Iowa, stand equal before the law, and are entitled to fair consideration by you.  The mere fact that the University of Iowa is an institution, and not an individual, does not mean that it is entitled to any greater or lesser consideration by you.

However, when an institution is involved, it may act only through natural persons, as its agents or employees; and, in general, any agent or employee of the institution may bind the institution by the acts and declarations made while acting within the scope of the authority delegated to the employee, or within the employee's or agent's duties as an employee or agent of the institution.

**JURY INSTRUCTION NO. 2**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the Plaintiff's lawyer may make an opening statement.  Next, the Defendants' lawyer may make an opening statement.  An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiff will present evidence.  The Defendants' lawyer will have a chance to cross-examine the Plaintiff's witnesses.  After the Plaintiff has finished presenting her case, the Defendants may present evidence, and the Plaintiff's lawyer will have a chance to cross-examine the Defendants' witnesses.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence.  Just as with opening statements, closing arguments are not evidence.  Before closing arguments, I will instruct you further on the law, and provide you with a verdict form.  After all of the testimony, evidence, arguments, and Instructions, you will go to the jury room to deliberate and decide on your verdict.

**JURY INSTRUCTION NO. 3**

**STATEMENT OF THE CASE**

Members of the Jury: This is a civil case brought by the Plaintiff Business Leaders in Christ against Defendants the University of Iowa, Lyn Redington, Thomas R. Baker, and William R. Nelson.

This dispute arises out of claims of religious discrimination.

Defendants deny all claims. Defendants maintain the actions against Business Leaders in Christ were based on its failure to comply with state and federal civil rights laws.

Do not consider this summary as proof of any claim.  Decide the facts from the evidence and apply the law which I will now give you.

## JURY INSTRUCTION NO. 4

## ADMONITION

If you have a cell phone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.

If you are selected as a juror, you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court.  You should warn these people not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.  You must not post any information on the internet, a social network, or communicate with anyone about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or you are excused as a juror.  If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions.  That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

Do not do any research—on the internet, in libraries, in the newspapers, or in any other way—or make any investigation into this case on your own.  Do not visit or view any place discussed in this case and do not use internet programs or any other device to search for or to view any place or person discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court.  If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination.  Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  It is very important that you abide by these rules.  Failure to follow these Instructions could result in the case having to be retried or in you being held in contempt.

I may not repeat these things to you before every recess, but remember this admonition and follow it until you are discharged.

## JURY INSTRUCTION NO. 5
### EVIDENCE

You shall base your verdict only on the evidence and my Instructions.  Evidence is:

1. Testimony in person or testimony previously given, which includes depositions, or testimony via video.

2. Exhibits received by the Court.

3. Stipulations, which are agreements between the parties.  If the parties stipulate to a fact, you should treat that fact as having been proved.

4. Any other matter admitted into evidence.

Evidence may be direct or circumstantial.  You should not be concerned with these terms since the law makes no distinction between the weight to be given to direct and circumstantial evidence.  The weight to be given to any evidence is for you to decide.

The following are *not* evidence:

1. Statements, arguments, and comments by the lawyers.

2. Objections and rulings on objections.

3. Testimony I tell you to disregard.

4. Anything you see or hear about this case outside of the courtroom.

5. Pretrial statements, reports, depositions, or other miscellaneous materials referred to during the trial, but not admitted into evidence.

The attorneys have a duty to object when they believe evidence is not admissible.  You may not show prejudice against an attorney or that attorney's client because the attorney has made objections.  You should not think that due to any ruling or other comment I may make, or question I ask of anyone, that I have any opinions on the merits of the case.  If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will do what we can to keep the number and length of these conferences to minimum.

## **AUTHORITY:**

8th Circuit Model Instruction No. 1.04

## JURY INSTRUCTION NO. 6

## TYPES OF TESTIMONY

Certain testimony may be entered into evidence from a deposition.  A deposition consists of testimony taken under oath before the trial and preserved in writing.  Consider that testimony as if it had been given in court.

During this trial, you may hear the word "interrogatory."  An interrogatory is a written question asked by one party of another, who must answer it in writing under oath. You may also hear the term "request for admission."  A request for admission is just what it sounds like: one party may ask the other to admit certain facts, and the other party must either admit or deny the fact.  Consider interrogatories and requests for admission, and the answers to either of these, as if the questions had been asked and answered here in court.

During the course of the trial, I occasionally may ask questions of a witness or counsel. Do not assume that I hold any opinion on the matters to which my questions may relate.  Neither in these Instructions, nor in any ruling, action, or remark that I make during this trial do I intend to give any opinion or suggestion as to what the facts are or what your verdict should be.

**AUTHORITY:**

8th Circuit Model Instruction No. 2.14

## JURY INSTRUCTION NO. 7

## CREDIBILITY

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, a lapse of memory, or an intentional falsehood.  That may depend on whether it has to do with an important fact or only a small detail.  If you believe from the evidence that a witness previously made a statement that is inconsistent with the witness's testimony at this trial, the only purpose for which you may consider the previous statement is for its bearing on the witness's credibility.  It is not evidence that what the witness previously said was true.

However, if you believe from the evidence that a witness *who is a party* made a previous statement that is inconsistent with the party's testimony at this trial, you may consider the previous statement for both its bearing on the party's credibility and as evidence that what the party previously said is true.

## AUTHORITY:

8th Circuit Model Instruction No. 3.03

**JURY INSTRUCTION NO. 8**

**BURDEN OF PROOF**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  Plaintiff has the burden of proving its claims by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable. If, on any issue of the case, the evidence is equally balanced, then you must conclude that it is not proved.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, and does not apply in this civil trial.

**AUTHORITY:**

8th Circuit Model Instruction No. 3.04

## JURY INSTRUCTION NO. 9

## ELEMENTS OF CLAIM:  FREE EXERCISE

Your verdict must be for Plaintiff and against Defendant Lyn Redington on the Plaintiff's claimed violation of free exercise of religion if all the following elements have been proved:

*First*, Lyn Redington, took action against the Business Leaders in Christ; and

*Second*, the Plaintiff's free exercise of religion was a motivating factor in Lyn Redington's decision to take against Business Leaders in Christ; and

*Third*, Lyn Redington was acting under the color of state law.

However, your verdict must be for the Defendant, Lyn Redington, if any of the above elements has not been proved.

## **AUTHORITY:**

8th Circuit Model Instruction No. 13.40

## JURY INSTRUCTION NO. 10

## ELEMENTS OF CLAIM:  FREE EXERCISE

Your verdict must be for Plaintiff and against Defendant Thomas R. Baker on the Plaintiff's claimed violation of free exercise of religion if all the following elements have been proved:

*First*, Thomas R. Baker, took action against the Business Leaders in Christ; and

*Second*, the Plaintiff's free exercise of religion was a motivating factor in Thomas R. Baker's decision to take against Business Leaders in Christ; and

*Third*, Thomas R. Baker was acting under the color of state law.

However, your verdict must be for the Defendant, Thomas R. Baker, if any of the above elements has not been proved.

## **AUTHORITY:**

8th Circuit Model Instruction No. 13.04

## JURY INSTRUCTION NO. 11

## ELEMENTS OF CLAIM:  FREE EXERCISE

Your verdict must be for Plaintiff and against Defendant William R. Nelson on the Plaintiff's claimed violation of free exercise of religion if all the following elements have been proved:

*First*, William R. Nelson, took action against the Business Leaders in Christ; and

*Second*, the Plaintiff's free exercise of religion was a motivating factor in Wiliam R. Nelson's decision to take against Business Leaders in Christ; and

*Third*, William R. Nelson was acting under the color of state law.

However, your verdict must be for the Defendant, William R. Nelson, if any of the above elements has not been proved.

## **AUTHORITY:**

8th Circuit Model Instruction No. 13.04

## JURY INSTRUCTION NO. 12

## DEFINITION: MOTIVATING FACTOR

As used in these Instructions, the Plaintiff's religious beliefs were a "motivating factor" if the Plaintiff's religious beliefs played a part in the Defendants' action taken against Business Leaders in Christ.

## **AUTHORITY:**

8th Circuit Model Instruction No. 5.21

## JURY INSTRUCTION NO. 13

## DAMAGES: NOMINAL

If you find in favor of Plaintiff Business Leaders in Christ on its claims of religious discrimination, and find that Defendants would not have made the same decision to deregister Business Leaders in Christ based upon their religious beliefs regardless of its beliefs, but you find that its damages have no monetary value, then you must return a verdict in favor of the Plaintiff in the nominal amount of One Dollar ($1.00).

**JURY INSTRUCTION NO. 14**

**QUOTIENT VERDICT**

In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage, and agreeing in advance that the average of those estimates shall be your item of damage.

## JURY INSTRUCTION NO. 15

## NOTE-TAKING AND QUESTIONS

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, you may take notes to help you remember what witnesses say.  If you do take notes, do not show them to anyone (including other jurors) until all evidence has been presented and you and your fellow jurors go to the jury room to deliberate.  Also, do not let your note-taking distract you from paying close attention to the evidence as it is presented.

The Clerk will provide each of you with a pad of paper and a pen.  At each recess, leave them on your chair.  When you leave at night, your notes will be locked up and will not be read by anyone.

## **AUTHORITY:**

8th Circuit Model Instruction No. 1.06

## JURY INSTRUCTION NO. 16
## DEFINITION:  COLOR OF STATE LAW

Acts are done under color of law when a person acts or [falsely appears] [falsely claims] [purports] to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

**Authority:**

8th Circuit Model Instruction No. 4.20

**JURY INSTRUCTION NO. 17**

**JUROR'S IMPARTIALITY**

You will not be required to remain together while court is in recess.  It is important that you obey the following Instructions with reference to court recesses:

*First*, during the course of the trial, do not discuss the case or anyone involved with it, either among yourselves or with anyone else, in person, by electronic message, or over the Internet.  In fairness to the parties to this lawsuit, you should keep an open mind throughout trial.  You should reach your conclusion only during the final deliberations after all evidence is in and you have heard the attorneys' arguments, my Instructions to you on the law, and an interchange of views with the other jury members.

*Second*, do not permit anyone to discuss the case in your presence.  If anyone does so despite your telling them not to, report that fact to the Court as soon as you are able.  If you feel it necessary to bring a matter to the attention of the Court, ask to speak to the Court Security Officer or the Clerk of Court.  Do not discuss this matter with other jurors.

*Third*, please do not speak at all, in or out of the courtroom, with any of the parties, their attorneys, or any witness, even to pass the time of day.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Dated on this _____ day of March, 2019

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT

**THOMAS J. MILLER**
Attorney General of Iowa

**/s/GEORGE A. CARROLL**
George A. Carroll
Assistant Attorney General
Hoover Building, Second Floor
1305 East Walnut Street
Des Moines, Iowa  50319
PHONE:  (515) 281-8583
FAX:  (515) 281-7219
E-MAIL:  George.carroll@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

*Original filed electronically.*
*Copy electronically served on all parties of record:*

| PROOF OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on February 11, 2019: |
| ☐ U.S. Mail                    ☐ FAX |
| ☐ Hand Delivery          ☐ Overnight Courier |
| ☐ Federal Express        ☐ Other |
| ☒ ECF System Participant (Electronic Service) |
| Signature: /s/Betty Christensen |

21