IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| BUSINESS LEADERS IN CHRIST, an unincorporated association, | ) ) ) | Case No. 3:17-CV-00080-SMR-SBJ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE UNIVERSITY OF IOWA; LYN REDINGTON, in her official capacity as Dean of Students and in her individual capacity; THOMAS R. BAKER, in his official capacity as Assistant Dean of Students and in his individual capacity; and WILLIAM R. NELSON, in his official capacity as Executive Director, Iowa Memorial Union, and in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) | ORDER ON MOTION TO RECONSIDER |
| Defendants. | ) ) | |

Before the Court is a Motion for Reconsideration filed by Defendants University of Iowa, Lyn Redington, Thomas R. Baker, and William R. Nelson. [ECF No. 117]. Defendants ask the Court to reconsider the scope of the permanent injunction the Court imposed on Defendants in its February 6, 2019 Order on the parties' cross-motions for summary judgment. [ECF No. 108]. Plaintiff Business Leaders in Christ ("BLinC") has not yet filed a resistance to Defendants' motion; however, the Court finds the motion "appears to be noncontroversial" and elects to rule on it without waiting for a responsive filing. *See* LR 7(e).

In the Court's February 6, 2019 Order, the Court enjoined Defendants "from enforcing the Human Rights Policy *against BLinC* based on the content of *BLinC's* Statement of Faith and leadership selection policies," subject to certain conditions that are not relevant to the scope of the

injunction. [ECF No. 108 at 30–31] (emphasis added). The Court repeated this language in the Order's conclusion. *See id.* at 37.

Notwithstanding the unambiguous wording setting out the scope of the permanent injunction, "[a]s Defendants read the Court's ruling, they are also prohibited from enforcing the policy against the hundreds of other registered student organizations on campus." [ECF No. 117-1 at 1]. Defendants ask the Court to "amend or clarify its ruling to indicate that [Defendants] are only enjoined from enforcing the Human Rights Policy as it pertains to BLinC." *Id.* at 2. The injunction clearly states Defendants are enjoined from enforcing the Human Rights Policy against BLinC. But, for the avoidance of doubt, Defendants are *only* enjoined from enforcing the Human Rights Policy as it pertains to BLinC, and only then under the circumstances outlined in the February 6, 2019 Order.

To the extent Defendants' motion, [ECF No. 117], seeks clarification only, it is GRANTED. This Order in no way modifies the Court's February 6, 2019 Order, [ECF No. 108].

IT IS SO ORDERED.

Dated this 13th day of February, 2019.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT