IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BUSINESS LEADERS IN CHRIST, an unincorporated association, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF IOWA; LYN REDINGTON, in her official capacity as Dean of Students and in her individual capacity; THOMAS R. BAKER, in his official capacity as Assistant Dean of Students and in his individual capacity; and WILLIAM R. NELSON, in his official capacity as Executive Director, Iowa Memorial Union, and in his individual capacity, <br><br> Defendants. | Case No. 3:17-CV-00080-SMR-SBJ <br><br><br><br><br> ORDER DISPOSING OF REMAINING CLAIMS |

Before the Court is Plaintiff Business Leaders in Christ's ("BLinC") unresisted motion to dispose of the remaining claims in this matter following the Court's Order on the parties' cross-motions for summary judgment (the "Summary Judgment Order"). [ECF No. 122]. BLinC initiated this action by filing a twenty-count Complaint against Defendant University of Iowa (the "University") and individual Defendants Lyn Redington, Thomas R. Baker, and William R. Nelson. [ECF No. 1]. On February 6, 2019, the Court ruled on the parties' cross-motions for summary judgment. [ECF No. 108]. BLinC sought summary judgment on its various First Amendment claims in Counts I–IV and VI–VIII of its Complaint (the "Summary Judgment Counts"). It sought a permanent injunction, nominal damages, and a determination that the individual Defendants were personally liable to BLinC for any damages caused by the alleged constitutional violations. Defendants moved for partial summary judgment

in favor of the individual Defendants on the grounds of qualified immunity. The Court granted Defendants' motion as to the Summary Judgment Counts only. It granted BLinC's motion as to all Summary Judgment Counts except Counts I and II. As to those counts, the Court determined BLinC was not entitled to summary judgment as a matter of law. *See* [ECF No. 108 at 29]. Presently, Counts V and IX–XX remain outstanding against all Defendants. Counts I and II technically remain outstanding against the University, as the University did not file a cross-motion for summary judgment on those counts.

BLinC now asks the Court to: (1) dismiss with prejudice Counts V and IX–XX under Rule 41(a)(2) of the Federal Rules of Civil Procedure; (2) sua sponte grant summary judgment to the University on Counts I and II; (3) extend the time to file a motion for costs and fees until sixty days after the expiration of the deadlines to appeal or after entry of a mandate by the United States Court of Appeals for the Eighth Circuit (if there is an appeal); and (4) enter a final judgment in this matter. Defendants do not oppose BLinC's motion.

Rule 41(a)(2) allows the Court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). BLinC has indicated that, in light of the relief granted in the Summary Judgment Order, it views proceeding to trial on its remaining claims to be unnecessary. Additionally, because Defendants do not oppose the motion, and because the claims will be dismissed with prejudice,[1] the Court finds dismissal will not prejudice Defendants. Accordingly, Counts V and IX–XX are DISMISSED with prejudice.

---

[1] A dismissal with prejudice is "ordinarily deemed a final judgment that satisfies the *res judicata* criterion." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998); *accord Crawford v. San Marcos Consol. Indep. Sch. Dist.*, 637 F. App'x 808, 811 n.10 (5th Cir. 2016) (per curiam).

Turning to Counts I and II, BLinC asserted in those counts claims under the First Amendment's "ministerial exception." The Court denied summary judgment on those counts, reasoning that, on the undisputed facts, the ministerial exception was inapplicable as a matter of law. The University did not seek summary judgment in its favor on those counts. However, the Eighth Circuit has recognized:

> It is within the court's power to grant summary judgment sua sponte against the moving party, lacking a cross-motion, where the party against whom the judgment is entered has had a full and fair opportunity to contest that there are no genuine issues of material fact to be tried and the party granted judgment is entitled to it as a matter of law.

*Burlington N. R.R. Co. v. Omaha Pub. Power Dist.*, 888 F.2d 1228, 1231 n.3 (1989). By seeking summary judgment on Counts I and II, BLinC necessarily took the view that there were no genuine issues of material fact as to those counts. Additionally, the University is entitled to judgment as a matter of law on those counts for the same reasons the Court determined BLinC was not so entitled. On these grounds, and absent any objection by Defendants, the Court sua sponte GRANTS the University summary judgment as to Counts I and II of the Complaint.

Finally, because Defendants raise no objection, the Court GRANTS BLinC's request to extend the time to file a motion for costs and fees until sixty days after the expiration of the deadlines to appeal or after entry of a mandate by the Eighth Circuit (if there is an appeal).

IT IS THEREFORE ORDERED that all claims and matters raised in this case are hereby disposed. There being no other claims or matters pending, this is a final and appealable order.

IT IS SO ORDERED.

Dated this 19th day of February, 2019.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT