IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| BUSINESS LEADERS IN CHRIST, an unincorporated association,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNIVERSITY OF IOWA, LYN REDINGTON, in her official capacity as Dean of Students and in her individual capacity, THOMAS R. BAKER, in his official capacity as Assistant Dean of Students and in his individual capacity, and WILLIAM R. NELSON, in his official capacity as Executive Director, Iowa Memorial Union and in his individual capacity,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00080-SMR-SBJ<br><br>ORDER |

　　Before the Court is a joint motion by the above-captioned parties. They ask the Court to approve their stipulated attorney fees and costs and enter judgment on their agreed-to damages.

## I.　　INTRODUCTION

　　This case was initiated by Plaintiff Business Leaders in Christ ("BLinC") on December 11, 2017. [ECF No. 1]. Plaintiff alleged that Defendants deregistered their student organization in violation of the First Amendment. *Id.* Plaintiff moved for a preliminary injunction ordering Defendants to reinstate their organization, [ECF No. 7], which the Court later granted, [ECF No. 36], and extended, [ECF No. 55]. The parties cross-filed for sought summary judgment on the claims. [ECF Nos. 70; 71]. The Court granted summary judgment on several counts but denied

1

it on others. [ECF No. 108]. Upon Plaintiff's motion, the Court granted summary judgment on the other claims on February 19, 2019. [ECF No. 123].

Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Eighth Circuit on March 29, 2019. [ECF No. 126]. The Eighth Circuit issued an opinion affirming in part and reversing in part the summary judgment order and remanding the case back to this Court. *See Bus. Leaders in Christ v. Univ. of Iowa*, 991 F.3d 969 (8th Cir. 2021). The parties now jointly move for an order from the Court approving their stipulation for attorney fees and costs, as well as entering judgment for nominal damages. [ECF No. 146].

## II. ANALYSIS

The parties request approval of their stipulated attorney's fees and costs agreement. The attorney's fees due Plaintiff under their stipulation is $1,348,238.88 in total for both out of state and local counsel. [ECF No. 146 at 6]. This amount reflects a 10% discount on the total fees charged by Plaintiff's out of state counsel and does not include any other fees incurred since the parties began negotiating after the end of July. *Id.*

The requested attorney's fees are based on 2,233.5 hours of work by out of state counsel, apportioned between two attorneys, several legal fellows, and paralegals. *Id.* at 10. The summary of costs for out of state counsel reflects an amount of $24,471.62 based on expenses for travel, depositions, filing fees, and printing. *Id.* Attorney's fees and costs for local counsel are also requested. Attorney's fees are sought for two local attorneys in the amount of $23,689.00 for 72.9 hours. *Id.* at 12. Costs total $496.01 for postage, summons preparation, and mileage reimbursement. *Id.*

The requested attorney fees are reasonable and they are approved. The rates for local counsel are between $295 per hour and $350 per hour, eminently reasonable for legal work in the

central Iowa area. *See, e.g., Animal Legal Def. Fund v. Reynolds*, 385 F. Supp. 3d 840, 844 (S.D. Iowa 2019) (awarding attorney fees at a rate of $230–$400 per hour at Des Moines-based rate). Although the rates requested for Plaintiff's out of state counsel are significantly higher, between $759 and $914 for the two attorneys, they are reasonable given the complex nature of the issues in this case and the extensive experience Plaintiff's counsel has in constitutional litigation. *Ne. Iowa Citizens for Clean Water v. Agriprocessors, Inc.*, 489 F. Supp. 2d 881, 901 (N.D. Iowa 2007) ("[I]n specialized areas of the law, the national market may provide the reasonable hourly rate.").

The hours expended throughout the case appear equally reasonable. The total amount of hours billed, approximately 2,300 between local and out of state counsel, is commensurate with the legal work required for this case. The parties represent that over 23,000 pages of documents were exchanged during litigation and eight depositions were taken. [ECF No. 146 at 2]. The motions practice in this case entailed two motions for preliminary injunction, cross-motions for summary judgment, and an appeal to the Eighth Circuit. *Id.* The number of hours requested is consistent with the expectations from a case with this course of litigation. *See Gilbert v. Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (noting judges should weigh hours against their "own knowledge, experience, and expertise of the time required").

The parties also request the Court enter their agreed-to damages of $1, due from each of the named Defendants, and request the Court enter judgment on Plaintiff's behalf confirming and preserving its prior rulings. *Id.* at 7.

III. CONCLUSION

Therefore, the Court ORDERS as follows:

- Plaintiff is the prevailing party and is awarded attorney's fees and expenses in the amount of $1,373,206.51 to be apportioned among counsel and staff as described in the parties' joint motion at ECF No. 146;

- All previous orders of this Court are confirmed and preserved, per the parties' joint request; and

- Final judgment shall be entered in favor of Plaintiff and damages of $1 is awarded from each of the named Defendants.

IT IS SO ORDERED.

Dated this 10th day of November, 2021.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT